IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | C O M P L A I N T |
| TSW MANAGEMENT, INC. d.b.a. Burger King, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Regina Floyd, Yolanda Bryant, Lucretia Shakhan, and other similarly situated individuals (collectively known as "claimants"), who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, the claimants were subjected to sexual harassment and retaliation by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, TSW Management, Inc. (d.b.a. Burger King) (the "Employer"), a Michigan corporation, has continuously been doing business in the State of Michigan and the Cities of Warren and Royal Oak, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Floyd, Bryant and Shakhan filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2007, Defendant has engaged in unlawful employment practices at its Burger King restaurant located at 31456 Woodward Ave, Royal Oak, MI, 48073, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Defendant, through Store Manager Donta Alexander, subjected the claimants to sexual harassment.

8. Since at least April 2007, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendant retaliated against claimants who opposed Alexander's harassment and those who participated in Title VII proceedings. Defendant's retaliatory actions, included, but were not limited to: cutting or changing work hours, escalating harassing behavior, refusing to give work hours, terminating employees, disciplining employees, changing work locations, threatening termination, and requiring employees to sign a written statement in order initiate a harassment complaint.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive the claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and due to retaliation.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of the claimants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in:

    1) Discrimination based on sexual harassment; and

    2) Retaliation for opposition to conduct in violation of Title VII and participation in a Title VII proceeding.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make the claimants whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay for claimants, where applicable.

D. Order Defendant to make claimants whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to, medical bills, job search expenses, and relocation expenses, in amounts to be determined at trial.

E. Order Defendant to make claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

4

complained of in paragraphs 7 and 8 above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, humiliation, stress, and loss of personal relationships, in amounts to be determined at trial.

    F.    Order Defendant to pay claimants punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

*/s/ Laurie A Young*
Laurie A Young
Regional Attorney

*/s/ Kenneth J Bird*
Kenneth Bird
Acting Supervisory Trial Attorney

*/s/ Lauren Gibbs*
Lauren Gibbs
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-4620
Lauren.gibbs@eeoc.gov