IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.                                                                                  Case No. 2:11-cv-13220-NGE-MJH
                                                                                    Hon. Nancy G. Edmunds
                                                                                    Mag. Judge Michael Hluchaniuk

TSW MANAGEMENT, INC.
       d.b.a. Burger King,

       Defendant.
_____/

| | |
|---|---|
| LAURIE A. YOUNG | RICHARD P. SMITH |
| KENNETH BIRD | BLAKE KIRCHNER SYMONDS |
| LAUREN G. GIBBS | LARSON KENNEDY & SMITH |
| EQUAL EMPLOYMENT OPPORTUNITY | Attorneys for Defendants |
| COMMISSION | 535 Griswold, Suite 1400 |
| Attorneys for Plaintiff | Detroit, MI 48226 |
| 477 Michigan Ave., Room 865 | (313) 961-7321 |
| Detroit, MI 48226 | rps@blakekirchner.com |
| (313) 226-4620 | |
| Lauren.gibbs@eeoc.gov | |

_____/

## CONSENT DECREE

Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission") commenced this action against TSW Management, Inc. ("TSW" or "Defendant") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (collectively known as "Title VII"). The Commission brought the action to correct unlawful employment practices based on sex and retaliation. More specifically, the Commission alleged that the Defendant violated Title VII when it subjected Claimants, Regina Floyd, Yolanda Bryant, and Lucretia

Shakhan (collectively known as "Claimants") to sexual harassment, and retaliated against them when they opposed such harassment and participated in Title VII proceedings.

As a result of settlement discussions, the Commission and TSW have agreed that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the parties that this Decree be final and binding settlement in full disposition of the claims alleged in the Complaint filed by the Commission. The Decree makes no findings for or against liability of those claims.

It is therefore, the finding of this Court, made on the pleadings and record as a whole that: (1) the Court has jurisdiction over the parties and subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matter in controversy between the parties as provided below.

**NOW, THEREFORE, IT IS ORDRED, ADJUDGED AND DECREED**:

**INJUNCTION**

1. TSW, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from discriminating against any employee or applicant for employment on the basis of sex and from subjecting any employee or applicant for employment to sexual harassment.

2. TSW, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from retaliating against any of its employees, former employees, or applicants for employment because the individual (a) has made a charge of discrimination or has opposed an unlawful employment practice under Title VII or any of the laws enforced by the EEOC or (b) has assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII or any of the laws enforced by the EEOC.

## TRAINING

3. TSW shall provide training to all of its managerial employees on unlawful employment practices under Title VII, with a particular emphasis on the detection, prevention, and investigation of sexual harassment and retaliation. The training shall consist of the following:
    a. Each managerial employee shall watch the video entitled, "Preventing Sexual Harassment for Managers," presented by the National Safety Compliance.
    b. Following the video, each manager shall take the quiz provided by the National Safety Compliance. TSW's Director of Operations, Office Manager, District Manager, District Training Manager, Trained Office Personnel, Company Officer or President (hereafter known as an "Administrator") will administer the quiz.
    c. After the Administrator has determined that the manager has passed the quiz with a score of 70% (14/20), the manager shall sign and date the acknowledgment line at the bottom of the quiz.
    d. If a manager does not pass the quiz, the Administrator shall explain to the manager why each of his/her wrong answers is incorrect. The manager will then take the quiz again.
    e. The process in subsections 3(a) - (d) will be repeated until the manager passes the quiz.
    f. Each manager shall receive a copy of the Outline contained in the Leader Materials of the video.
    g. The Administrator shall also explain to each manager, the procedure the manager should follow if an employee complains to him/her about sexual harassment, or if the manager witnesses incidents of sexual harassment by other employees. This procedure should also be clearly delineated in TSW's Sexual Harassment Policy. The Administrator shall also explain to the manger the disciplinary action that will be taken against the manager for failing to follow proper procedure in reporting sexual harassment incidents or complaints.

4. TSW shall provide training to all of its non-managerial employees on unlawful employment practices under Title VII, with a particular emphasis on sexual harassment and retaliation. The training shall constitute the following:
    a. Each employee shall watch the video entitled, "Preventing Sexual Harassment for Employees," presented by the National Safety Compliance.
    b. Following the video, each employee shall take the quiz provided by the National Safety Compliance. An Administrator, as defined in Paragraph 3(b), will administer the quiz.
    c. After the Administrator has determined that the employee has passed the quiz with a score of 70% (14/20), the employee shall sign and date the acknowledgment line at the bottom of the quiz.
    d. If an employee does not pass the quiz, the Administrator shall explain to the employee why each of his/her wrong answers is incorrect.
    e. Each employee shall receive a copy of the Outline contained in the Leader Materials of the video.

>    The Administrator shall also verbally explain to each employee the complaint procedure for reporting incidents of sexual harassment that the employee has either witnessed or has been subjected to.

5. TSW shall provide training to all of its managerial employees who are responsible for conducting investigations into employee complaints of sexual harassment, discrimination, retaliation, or any other unlawful employment practice under Title VII, and Training Administrators, as described in Paragraph 3(b). The training shall include, but is not limited to, training as to how to properly conduct and document an investigation into a complaint of sexual harassment, discrimination, and/or retaliation under Title VII, how to draw conclusions about the information obtained in the investigation, what actions one should take based on the information obtained in the investigation, and how to administer and correct the Training quizzes described in Paragraphs three (3) and four (4). This shall be in-person training provided by the Varnum law firm. At least one (1) month prior to the date of the scheduled training, TSW shall provide a detailed outline to the EEOC delineating the information to be covered at the training, along with any other materials used or distributed at the training, and a list of all employees receiving the training.

6. All training outlined in Paragraphs three (3) and four (4) (hereafter known as "Training") shall be occur at least one time per year for the first two years this Decree is in effect. For the purpose of calculating a year, the year shall begin on the date this Decree goes into effect. The next year shall begin on that same date the following year. For example, if the Decree goes into effect on March 1, 2012, then Year 2 of Decree begins March 1, 2013.

7. The training for the specific employees identified in Paragraphs five (5) shall occur no later than six (6) months after this Decree goes into effect.

8. Training for Year 1 of the Decree shall commence no later than six (6) months after the Decree goes into effect.

9. TSW shall provide the Training outlined in Paragraphs three (3), four (4), and five (5) to each new employee within thirty (30) days of hire.

10. TSW shall provide all employees, initially promoted to a managerial position, the training outlined in Paragraph three (3) within thirty (30) days of that promotion.

11. TSW shall provide the training outlined in Paragraph five (5) to all employees promoted to a position with investigative and/or Training Administration responsibilities once a year for the duration of this Decree.

12. TSW shall inform the EEOC of the date, time and place each of the trainings outlined in Paragraphs three (3), four (4), and five (5) of the Decree are scheduled to take place.

13. The EEOC maintains the right to send a representative to observe the Trainings without advance notice to TSW, and without expense to TSW.

### SEXUAL HARASSMENT AND DISCRIMINATION POLICY

14. TSW shall draft a new Sexual Harassment and Discrimination Policy ("Policy"), which, among other things, details examples of actions that constitute sexual harassment, sex discrimination, and retaliation under Title VII. The Policy shall include clear instructions on how an employee should report complaints of sexual harassment, sex discrimination, and/or retaliation under Title VII, and the obligations of the managerial employee receiving a complaint. TSW must provide a copy of the Policy to the EEOC within ten (10) days of its adoption by the Defendant.

15. The Policy shall be printed in TSW's Employee Manual, displayed on TSW's website, and displayed in each TSW restaurant in an area accessible and easily seen by all TSW employees.

16. TSW shall present a copy of the Policy to all employees for review and signature, no later than one (1) month after the effective date of this Decree.

17. Each new employee shall be presented a copy of the Policy for review and signature, no later than three (3) days following the employee's date of hire.

18. Each new employee shall be given a copy of the Policy he/she signed and a copy of the Employee Manual containing the Policy. Another signed copy of the Policy shall be placed in each employee's personnel file.

19. At the time of distribution of the Policy, within the timeframes outlined in Paragraphs sixteen (16) and seventeen (17), a manager shall explain the Policy to the employee, both the employee and the manager shall initial each paragraph on the Policy, and both the manager and the employee shall sign and date the bottom of the Policy. After each paragraph of the Policy has been initialed and both employee and manger have signed the document, the employee shall receive a completed copy and the manager shall forward the original to the corporate office to be placed in the employee's personnel file.

### NOTICE AND POSTING

20. TSW shall post the Notice, attached as **Exhibit A**, in all of its restaurants in an area accessible and visible to all employees for the duration of this Decree.

### CLAIMANT RELIEF

21. TSW shall pay a total of $75,000 in non-pecuniary compensatory damages to the Claimants as follows:
    a. Forty Thousand Dollars ($40,000) to Regina Floyd,
    b. Twenty-five Thousand Dollars ($25,000) to Yolanda Bryant,
    c. Ten Thousand Dollars ($10,000) to Lucretia Shakhan.

No part of this amount is back pay or back wages. TSW shall issue a 1099-MISC to each Claimant reflecting payment of the funds.

22. TSW will not deduct any amounts from the payments specified in Paragraph twenty-one (21). The Claimants will be responsible for all tax consequences attendant to the receipt of those funds.

23. Within thirty (30) days of receiving notice from the Commission that a Claimant has signed the Release of Claims, TSW shall make payments to the Claimants, in accordance with Paragraphs twenty-one (21) and twenty-two (22), by mailing checks to their home addresses, via certified mail, return receipt requested. Within ten (10) days thereafter, TSW shall mail copies of the checks and proof of service (certified mail return receipts) to:

> Regional Attorney Laurie A. Young, or her successor
> c/o Trial Attorney Lauren Gibbs
> Equal Employment Opportunity Commission
> 477 Michigan Avenue, Room 865
> Detroit, MI 48226

24. Each Claimant will sign a Release of Claims ("Release), attached to this Decree as **Exhibit B**, pursuant to the following procedure:

    a. The Commission will provide a Release to each Claimant;
    b. The Commission will notify Defendant when each Claimant signs and returns the Release to the Commission;
    c. If requested by Defendant, the Commission will show Defendant the signed Release;
    d. Within 30 days of notifying the Defendant of the signed Release, the Defendant will send a check to each Claimant in accordance with Paragraphs twenty-one (21) through twenty-three (23) of this Decree;
    e. Once the Defendant sends copies of the checks to the Commission, in accordance with Paragraphs twenty-one (21) through twenty-three (23), the Commission will send the signed Releases to the Defendant.

### **DURATION**

25. Absent extension, this Decree shall remain in effect for four (4) years from the date it is entered by the Court.

26. This Decree goes into effect on the date it is entered by the Court.

## DISPUTE RESOLUTION AND COMPLIANCE

27. The Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. In the event the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing to TSW specifically identifying the alleged violation(s). TSW will have ten (10) days in which to investigate and respond to the allegation. If the parties are unable to resolve the allegation(s), the EEOC may petition the Court for relief. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Court may order such discovery as it deems necessary for purposes of determining compliance. Should the Court determine that Defendant has not complied, the Court may order appropriate relief, including, but not limited to, extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs. The Court may also order the EEOC to pay Defendant's attorney's fees and costs should Defendant prevail on the issue of whether or not it has complied with the Decree. Attorney fees and costs will be awarded only upon a showing of bad faith on the part of either TSW or the EEOC.

28. TSW will submit a report to the EEOC detailing compliance with this Decree within one (1) year of the date the Decree goes into effect. Each subsequent year that this Decree is in effect, TSW shall submit a report the EEOC detailing compliance with this Decree for that year no later than the anniversary of the date this Decree went into effect. For example: if the Decree goes into effect on March 1, 2012, by March 1, 2013 TSW will submit a report to the EEOC detailing compliance during Year 1 and by March 1, 2014, TSW will submit a report to the EEOC detailing compliance during Year 2.

29. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect premises, interview employees, and examine and copy documents.

30. All reports and materials for EEOC review under this Decree shall be sent to:

    Laurie A. Young, Regional Attorney, or her successor
    c/o Trial Attorney Lauren Gibbs
    Equal Employment Opportunity Commission
    477 Michigan Avenue, Room 865
    Detroit, MI 48226

## MISCELLANEOUS PROVISIONS

31. Each party to this Decree shall bear its own attorney's fees and costs.

32. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

33. The terms of this Decree shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of the Defendant.

34. Before selling the business or any part of the business, Defendant shall notify all potential buyers and bidders of this Decree and its terms. Among other things, the notice shall include a copy of this Decree, personally served by Defendant. The terms of this Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives and assigns of Defendant.

35. Any modification of the Decree must be approved by the Court.

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **TSW MANAGEMENT, INC.** |
| LAURIE A. YOUNG<br>Regional Attorney | /s/ Richard P. Smith<br>RICHARD P. SMITH |
| KENNETH BIRD<br>Supervisory Trial Attorney | BLAKE, KIRCHNER, SYMONDS<br>LARSON, KENNEDY & SMITH<br>Attorneys for Defendant |
| /s/ Lauren G. Gibbs<br>LAUREN G. GIBBS<br>Trial Attorney | 535 Griswold, Suite 1400<br>Detroit, MI 48226<br>(313) 961-7321 |
| DETROIT FIELD OFFICE<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave, Room 865<br>Detroit, MI 48226<br>(313) 226-4620 | Dated: March 1, 2012 |
| | /s/ Todd Williams<br>TODD WILLIAMS |
| Dated: March 1, 2012 | TSW MANAGEMENT, INC.<br>Owner/President<br>4477 E. Ten Mile Rd.<br>Warren, MI 48091<br>(586) 758-1082 |
| | Dated: March 1, 2012 |

**IT IS SO ORDERED:**

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: March 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2012, by electronic and/or ordinary mail.

                                            s/Carol A. Hemeyer
                                            Case Manager

# Exhibit A

# EMPLOYEE NOTICE

**Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

This Notice is being distributed and posted by agreement between TSW Management, Inc. and the United States Equal Employment Opportunity Commission, resolving Civil Action No. 2:11-cv-13220 in the United States District Court for the Eastern District of Michigan.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual's sex, race, color, religion, national origin, disability, or age (over 40).

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

TSW supports and will comply with federal law in all respects and will not take any actions against employees because they have exercised their rights under the law. TSW agrees not to discriminate in employment, will conduct a training program on the requirements of Title VII of the Civil Rights Act of 1964, and will not retaliate against an individual who files a charge of discrimination.

If you have any complaints of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
477 Michigan Ave., Room 865
Detroit, MI 48226
Telephone (313) 226-7638
EEOC 800 # 1-800-669-400
TTY (313) 226-759

# Exhibit B

## RELEASE OF CLAIMS

I, _____, in consideration for $_____ paid to me by TSW Management, Inc. in connection with the resolution of EEOC v. TSW Management, Inc., Case No. 2:11-cv-13220, waive my right to recover damages for any claims of sexual harassment and/or retaliation arising from Title VII of the Civil Rights Act of 1964 that I had against TSW Management, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. TSW Management, Inc, Case No. 2:11-cv-13220.


Date: _____           Signature: _____
                                             Name of Claimant